IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INAYATULLAH KHAN BARECH                      Civ. No. 3:14-cv-00328-AC

                Plaintiff,                          FINDINGS AND
                                                     RECOMMENDATION
    v.

THE CITY OF PORTLAND, a municipal
corporation,

                Defendant.

---

ACOSTA, Magistrate Judge:

Plaintiff Inayatullah Kahn Barech ("Barech") sued Defendant City of Portland ("the City") for employment discrimination, wrongful termination, and violations of Oregon's whistleblower protection statutes. Barech accepted the City's offer of judgment under Rule 68 (the "Offer of Judgment"). (Dkt. No. 11 Ex. A.) In the Offer of Judgment, the City agrees to pay "costs, and

FINDINGS & RECOMMENDATION - 1                                    [RMD]

including reasonable attorney's fees . . . ." (Dkt. No. 11 Ex. A at 1.)  Barech now moves for an award of attorney fees and costs.  The City does not dispute its duty to pay attorney fees or Barech's attorneys' requested hourly-rate, but contends the number of hours worked by Barech's counsel is unreasonable.  The court should grant in part and deny in part Barech's motion, and award him $13,196.39 in fees and costs.

*Factual Background*

Barech was born in Pakistan and is of a South-Asian ethnicity. (Complaint[1] ("Compl.") at ¶ 9.)  He is also a practicing Muslim.  (Compl. at ¶ 9.)  He became a United Stated citizen in 1998, and resides in the State of Oregon where, prior to the events described herein, he worked as an information systems analyst for the Portland Bureau of Technology Services.  (Compl. at ¶ 11.)

In his complaint, Barech alleged that throughout his tenure with the City he experienced discrimination from his superiors on the basis of his ethnicity, national origin, and religion. (Compl. at ¶¶ 47-123.)  After Barech complained about the discrimination to the City's human resources department, the City began investigating Barech's employment record and conduct.  (Compl. at ¶ 30.)  At the conclusion of the investigation, the City presented Barech with a "proposed termination letter."  (Brown Decl. Ex. 6.)  Barech worked with his attorney to draft a written rebuttal to the City's letter (the "pre-termination letter").  (Brown Decl. Ex. 7.)  Eventually, the City terminated Barech's employment.  (Brown Decl. Ex. 6.)

After his termination, Barech filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") alleging

---

[1]The court notes that at this stage of the case, it is not required to take as true all allegations contained in the complaint.  However, the court cites to it in portions of this opinion because it provides the best factual summary of any document on the record.

FINDINGS & RECOMMENDATION - 2                                        [RMD]

employment discrimination. (Compl. at ¶ 4.) BOLI did not find substantial evidence to pursue the matter on his behalf and, on November 29, 2013, issued a right-to-sue letter. (Brown Decl. Ex. 9.) Thereafter, the EEOC adopted BOLI's findings and issued its own right-to-sue letter. (Brown Decl. Ex. 10.) In February 2014, Barech filed his civil complaint which alleged claims for: (1) employment discrimination on the basis of race, national, origin, and religious affiliation; (2) retaliation for opposing the Defendant's discriminatory practices; (3) unlawful employment practices; (4) whistleblower retaliation; and (5) wrongful discharge. (Compl. at 14-23.)

Only months after Barech filed his complaint, the City served Barech with the Offer of Judgment. (Dkt. No. 11 Ex. A at 1-2.) Barech accepted the Offer of Judgment and filed it with the court. According to the Offer of Judgment, the City agreed to pay $40,001.00 "plus costs, and including reasonable attorney's fees to be determined by the court, as of the date of this offer." (Dkt. No 11 Ex. A). Barech now asks the court to award him $15,458.50 in attorney fees and $530.76 in costs. After reviewing Barech's motion and the City's objections, the court concludes Barech's motion should be granted in part, and he should be awarded $12,665.63 in attorney fees and $530.76 in costs.

*Discussion*

The City does not dispute it owes reasonable attorney fees as stipulated in the Offer of Judgment. Nor does City oppose the hourly-rate Barech proposes for the fee calculation. However, it argues the court should summarily deny Barech's claim on procedural grounds, and challenges the number of hours for which Barech seeks fees. According to the City, a portion of the hours claimed by Barech's attorney were unreasonable, duplicative, and unrelated to the claims at issue in this case.

## I. Legal Authority for Attorney Fees

The City first levies a procedural challenge against Barech's fee petition. According to City, the court should summarily deny Barech's motion because he "fails to cite to any authority in support of his claim for attorney fees and costs." (Def.'s Objections to Pl.'s Motion for Attorney Fees and Costs ("Def.'s Obj.") at 2.)  Federal Rule of Civil Procedure 54 does not substantively authorize awards of attorney's fees, but articulates the procedural prerequisites to an attorney-fee award. Among other things, a party filing a Rule 54 motion for attorney fees must "specify the judgment and the statute, rule or other grounds entitling the movant to the award[.]"  But the City fails to provide authority for the proposition that a motion to fix fees pursuant to a Rule 68 offer of judgment is subject to the strict procedural requirements of Rule 54(d).  Nor does City provide support for its argument that failure to strictly comply with Rule 54's procedural dictates should result in and outright denial of all fees, despite the existence of a binding agreement, the Offer of Judgment, that the movant is entitled to fees and costs.  The court is not persuaded by the City's arguments.  The City stipulated it would pay reasonable attorney fees as determined by the court, thus resolving any issue that might exist due to Barech's technical failure to cite Rule 54.

## II. Quantitative Reasonableness

The City's primary contention is that the quantity of hours Barech requests is unreasonable. According to Defendant, the court should deny in Barech's motion in part because: (1) attorney fees are not recoverable for his common-law wrongful termination claim; and (2) the quantity of hours Barech requests is unreasonable given the length and simplicity of his claims.

To determine whether the movant's attorney-fee request is reasonable, the court uses the lodestar method.  The "lodestar" in the attorney-fee context is the "number of hours reasonably

FINDINGS & RECOMMENDATION - 4                                                    [RMD]

expended on the litigation multiplied by a reasonable hourly rate." *Pa. v. Del Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564 (1986). "[t]he court has a responsibility to scrutinize the plaintiff's fee petition" independent of the nonmovant's objections to determine the requests' reasonableness. *Wolfe v. City of Portland,* No. 3:12-cv-02035-PK, 2013 WL 6002391, at *3 (D. Or. Nov. 8, 2013), *citing Gates v. Deukmejian,* 987 F.2d 1392, 1400-01 (9th Cir. 1992). The movant bears the burden of proving the reasonableness of his fee request. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Further, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise necessary . . . ." *Id.* The movant must present more than arguments, but must "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

### A. Availability of Fees for Barech's Seven Claims

City first contends that Barech's fee request is unreasonable because no law authorizes him to recover attorney fees for his wrongful discharge claim. The City concedes that Barech's first six causes of action arise from statutes which allow recovery of attorney fees. Barech's seventh cause of action for wrongful discharge, however, is a common-law claim. In Oregon, attorney fees are available to prevailing parties under a common-law cause of action only when the plaintiff's suit is brought under equity and for the "public benefit." *Swett v. Bradbury,* 335 Or. 378, 381-83 (2003).

Barech does not contend his suit was brought under equity for the public benefit, but argues his claims were so interrelated that it would be impossible to parse time spent on each claim. The City does not cite any authority for the proposition that attorney fees can be parsed in such a manner or suggest the number of hours or method by which the court should reduce Barech's fee request.

FINDINGS & RECOMMENDATION - 5                                                          [RMD]

Barech's claims all arise out of his termination from the City of Portland, and are so interrelated that parsing the time spent on each claim would be impossible.

Moreover, the City specifically agreed to pay for reasonable attorney fees in the Offer of Judgment. "When a plaintiff accepts a Rule 69 offer of judgment, the 'usual rules of contract construction' apply to the interpretation of the terms of the offer of judgment." *Hall v. Columbia Collection Serv., Inc.*, No. 3:14-CV-00006-AC, 2014 WL 4837032 (D. Or. Sept. 29, 2014) (citing *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995)). Like any contract, the court is bound to construe terms in an offer of judgment using their use in plain language, and any "ambiguities will be construed against the offeror as the drafting party." *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993). Moreover, the court may review extrinsic evidence to discern the intent of the parties to the offer of judgment. *Stonebrae L.P. v. Toll Bros., Inc.* 521 Fed. Appx. 592, 594 (9th Cir. 2013).

In *Guerrero*, the court used traditional principles of contract interpretation to uphold a plain-text interpretation of a Rule 68 offer of judgment. 70 F.3d at 1113. There, plaintiffs brought suit under 42 U.S.C. § 1983, but before trial plaintiffs accepted the defendant's Rule 68 offer of judgment which provided:

> Pursuant to FRCP 68, defendants hereby allow judgment to be given against them in favor of plaintiff, Virginia Espinoza Guerrero, for a total of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500), plus reasonable attorney fees and costs incurred by this plaintiff prior to the date of this offer in an amount to be set by the court.

*Id.* at 1112-13. Despite the clear language in the offer of judgment, the plaintiffs sought to recover fees for attorney hours billed after the parties signed the offer of judgment. *Id.* at 1113. The court observed that, "as a general rule, 'time spent in establishing entitlement to an amount of fees'" is

[RMD]

recoverable under § 1988. *Id.* "However, a settlement offer may be conditioned upon the waiver of such fees" so long as the waiver is "clear and unambiguous." *Id.* The court applied "usual rules of contract construction" and found that the offer of judgment's limitation to "reasonable attorney fees and costs incurred . . . prior to the date of [the] offer" constituted a clear and unambiguous waiver of the plaintiffs' right to attorney fees for hours billed after they signed the offer of judgment. *Id.* at 1113-14.

Here, the plain language of the Offer of Judgment suggests the City agreed to pay for Barech's reasonable attorney fees incurred in conjunction with all seven of his claims, and not attorney fees incurred pursuing only those claims brought under statutes which allow recovery of attorney fees. The City, as the "master of the offer" had the opportunity to craft the terms of the Offer of judgment and limit the attorney fees payable thereunder. *Sea Coast Foods v. Lu-mar Lobster and Shrimp*, 260 F.3d 1054, 1059 (9th Cir. 2001). Unlike the defendant in *Guerrero*, the City chose not to do so. Instead, it included broad language in the Offer of Judgment which made it liable for all of Barech's "reasonable attorney fees." Even if the language at issue could be construed as ambiguous, traditional principles of contract construction dictate that ambiguities be "construed against the offeror as the drafting party." Furthermore, the City produced no extrinsic evidence to persuade the court to accept its interpretation of the fee provision. Thus, due to the unequivocal language in the Offer of Judgment, the court concludes the City is liable for all of Barech's reasonable attorney fees incurred pursuant all seven of Barech's claims.

### B. Pre-termination Letter

City argues the court should refuse to award Barech attorney fees for legal services relating to Barech's pre-termination letter. After the City sent Barech the May 28, 2013, Notice of Proposed

[RMD]

Termination, Barech responded with a letter of his own.  (Brown Decl. Ex. 7.)  Before sending the letter, Barech worked with his attorney to ensure its effectiveness and accuracy.

To support its argument, the City cites *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  There, the plaintiffs were African-American voters in the State of Mississippi who challenged the legality of the legislature's redistricting map.  *Id.* at 455-56.  The plaintiffs prevailed and were awarded attorney fees under 42 U.S.C. § 1988, but the court refused to award the plaintiffs fees for time spent lobbying the legislature prior to filing suit.  *Id.* at 458.  The court reasoned that time spent lobbying legislators was not pursuant to a particular "action or proceeding" as required by § 1988.  *Id.* at 458.

*Watkins* is a Fifth Circuit case and not controlling authority.  Furthermore, the facts of *Watkins* are distinguishable from those now before the court. Lobbying a legislative body is not an activity traditionally undertaken before filing a lawsuit, and some authority exists for the proposition that attorney fees may be recovered for time spent on traditional pre-filing activities like drafting a demand letter.  In *Stulting v. Grafton*, No. 03:11-cv-00411-HU, 2011 WL 7153947, at *7 (D. Or. Dec. 14, 2011), , the prevailing plaintiff sought attorney fees for defending against defendant's bad faith and frivolous counterclaims.  *Id.*  The plaintiff requested 8.6 hours of attorney time and 2.1 hours of legal assistant time for prefiling activities.  *Id.*  Relevant here, the attorney sought fees for time in which he "spoke to and corresponded with his client . . . 'prepared a demand letter to defendants; spoke with the defendant . . . and the defendants' office manager; and researched documents and potential witnesses."  *Id.*  The court awarded fees for pre-filing attorney hours but determined the number of hours plaintiff spent on pre-filing tasks was unreasonable.  Instead of awarding the full amount requested, the court awarded fees for only 3.0 hours of attorney time and 0.1 hours of legal assistant time.

FINDINGS & RECOMMENDATION - 8                                          [RMD]

Here, Barech requests 1.6 hours for time spent revising a letter to Defendant prior to filing suit and 1.0 hour for email exchanges before filing suit. The court concludes this is a reasonable amount of time for these tasks. Barech should be awarded the full 2.6 hours requested. Preparing a demand letter and corresponding with clients are tasks traditionally undertaken prior to filing a lawsuit, so the hours claimed in this case are unlike those rejected in *Watkins*. Further, given the Ninth Circuit's established policy of encouraging settlement, it is reasonable and proper to award fees for time spent toward fulfilling that objective. *See Ariz. v. City of Tucson*, 761 F.3d 1005, 1020 (9th Cir. 2014) ("it is the policy of the law to encourage settlements"). Title VII encourages settlement by requiring a period of conciliation in some circumstances. 42 U.S.C. § 2000e-5(f)(1). Because of the established statutory and judicial policy in favor of settlement, it was reasonable and proper for Barech to spend time preparing the pre-termination letter and attempting to settle his claims prior to filing suit. Therefore, the court should grant Barech's request for 2.6 hours of attorney fees related to his pre-filing activities.

### B. The BOLI & EEOC Complaints

The City next argues the court should deny Barech's motion for attorney fees to the extent he seeks compensation for time spent pursuing his state and federal administrative claims. Barech requests 7.4 hours for time spent preparing for and prosecuting charges he filed with BOLI and the EEOC. After a preliminary investigation, both administrative agencies dismissed Barech's charges for lack of evidence and issued to Barech a "right-to-sue letter." The City contends that, because Barech's charges were dismissed, he was not a prevailing party to those claims and may not recover attorney fees. The court disagrees.

"[F]ee awards are authorized for legal work done in 'proceedings' other than court actions, including federal and state administrative proceedings." *Porter v. Winter*, 603 F.3d 1113, 1115 (9th Cir. 2010). A prevailing claimant to a state or federal administrative proceeding under Title VII may still file suit for attorney fees, even if filing suit for his or her substantive claims was unnecessary because he or she obtained complete relief at the administrative level. *Id.* The court in *Porter* reasoned that Congress created an integrated system of administrative and judicial remedies for Title VII violations in order to "provide complete relief to victims of employment discrimination." It continued, "'[o]ne aspect of complete relief is an award of attorney's fees." *Id.* at 1117. Although *Porter* dealt with a plaintiff who was unquestionably the "prevailing party" at the administrative level, it does not foreclose an award of attorney fees in facts like those before the court, where a plaintiff filed suit after the administrative bodies found no substantial evidence and issued Barech a right-to-sue letter. *Id.*

However, in *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 65-66 (1980), the Supreme Court contemplated in dicta facts like those now before the court and determined awarding attorney fees would be appropriate. There, the Court concluded that it was proper to award attorney fees to a plaintiff who filed a successful claim with the New York state equivalent to the EEOC. *Id.* at 65. The Court reasoned, "[i]t would be anomalous to award fees to the complainant who is unsuccessful or only partially successful in obtaining state or local remedies, but to deny an award to the complainant who is successful in fulfilling Congress' plan that federal policies be vindicated at the state or local level." *Id.* at 66. Thus, under the Supreme Court's formulation in *N.Y. Gaslight*, a claimant may be awarded attorney fees not only when he is files a fully successful claim with a state administrative agency, but also where the administrative agency denies the claimant relief and issues

a right-to-sue letter. *Id.* Because Barech ultimately was successful in his claims for employment discrimination, the court may grant him an award of attorney fees despite his receipt of a right-to-sue letter from BOLI and the EEOC. Therefore, the court should grant Barech's request for 7.4 hours spent on the BOLI and EEOC claims.

### C. The Union Grievance

Barech seeks 1.2 hours for time Mr. Snyder spent reviewing and sending emails related to a grievance brought by Barech's labor union against the City. The City contends Barech may not recover for the union grievance because it was unrelated to Barech's claims in this case. The court agrees with the City, as the union is not a party to this case and there is no evidence that filing the union grievance was a necessary prerequisite to filing Barech's claims. At oral argument, Barech argued that the time spent related to the union grievance is recoverable because the City, through the grievance process, attempted to offer Barech a settlement agreement which would have foreclosed his ability to bring suit. However, the connection between the union grievance and Barech's claims is too tenuous to conclude that hours incurred during the union grievance are recoverable for being the prevailing party to this suit.

### D. Fixed Time Entry for Emails

The City next urges the court to deny Barech's motion for attorney fees for time billed at a standard rate of 0.1 hours for each email exchange related to this case. In support of their argument, the City cites *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007). In *Welch*, the district court denied in part the plaintiff's fee petition and "imposed a 20 percent across-the-board reduction on [the plaintiff's] requested hours because" the plaintiff's attorney "billed in quarter-hour increments." *Id.* at 948. The Ninth Circuit accorded the district court "considerable deference" because it was in

FINDINGS & RECOMMENDATION - 11                                   [RMD]

the best position to review the fee petition and determine whether the quarter-hour increments resulted in excessive billing. *Id.* at 949. The Ninth Circuit upheld the district court's decision, as its own review of the fee petition showed that plaintiff's attorney often billed for fifteen minutes of work for short, simple tasks such as "phone calls and emails that likely took a fraction of the time." *Id.*

Here, it was not unreasonable for Barech's attorney to bill for email exchanges in six-minute increments. First, *Walsh* does not stand for the proposition that an attorney cannot bill for email exchanges in preset time increments. Instead, *Walsh* reiterates the well-established rule that a court may and should reduce an attorney-fee award where the hours requested are unreasonable or would result in overbilling. The *Walsh* court found that charging in fifteen-minute increments for telephone calls and emails resulted in an unreasonable and excessive number of hours billed. The court is not convinced that Barech's attorney's practice of billing six-minutes per email exchange resulted in excessive billing. Instead of billing fifteen minutes for each email and phone call, Barech's counsel billed only six minutes. Some emails undoubtedly required less than six minutes to complete, but others assuredly took longer to research, draft, revise, and send. Thus, the likelihood of excessive billing in this case is much lower than in *Walsh*. The court concludes that Barech's fee request should not be reduced due to Mr. Snyder's practice of billing for email exchanges in six-minute intervals.

### E. Duplicative Billing

The bulk of Barech's attorney's billable hours were spent preparing documents to submit pursuant to Barech's claims. Specifically, Barech's attorneys billed 1.6 hours drafting Barech's pre-termination letter, 7.4 hours drafting the BOLI and EEOC complaints, 6.5 hours preparing Barech's

tort claim notice, and 19.3 hours preparing the complaint. The City contends that most of these documents contain lengthy and identical factual statements which did not require significant time to "copy and paste" from one document to the other. The court agrees that Barech's request is excessive, and will reduce his fee award accordingly.

Excluding the cover page, Barech's complaint is twenty-five pages long. The complaint's "general factual allegations" section comprises just over ten of those pages, with the remaining devoted to a statement of this court's jurisdiction, a brief description of the parties, and Barech's claims for relief. However, at the time Barech's attorneys prepared Barech's federal complaint, they had already spent 9.2 hours writing and rewriting the facts of this case in the detailed pre-termination letter, administrative complaints, and tort claim notice. Given his familiarity with the facts of this case, it was excessive for Barech's attorneys to spend 19.3 hours drafting the complaint, half of which restates the facts previously contained in other documents. Therefore, the court should reduce his fee award as it pertains to preparing the federal court complaint by 8.3 hours and award Barech 11 hours for his attorneys' work on the federal court complaint.

Because the court recommends reducing Barech's fee with regard to his complaint, it is appropriate to deduct attorney hours in a ratio equal to that worked by each attorney. Barech's attorneys charged different rates for their billable hours. Daniel Snyder ("Mr. Snyder") billed at $350.00 per hour, while Cynthia Gaddis ("Ms. Gaddis") billed at $185.00. Here, Mr. Snyder billed a total of 11.8 hours for work on the complaint, and Ms. Gaddis billed 7.5 hours. Thus, Mr. Snyder billed 61.14% of the "complaint hours," while Ms. Gaddis billed 38.86% of the "complaint hours." Retaining the same ratio after reducing the award to 11 hours, the court will award Barech for 6.725 hours worked by Mr. Snyder and 4.275 hours worked by Ms. Gaddis. Using the uncontested hourly

rates of each attorney, this calculation results in an award of $3,144.63 for time spent working on the complaint.

In summary, the court should grant Barech's request for attorney fees in part and award him: (1) $910.00 for 2.6 attorney hours working on pre-termination matters; (2) $2,275.00 for 6.5 attorney hours spent working on Barech's tort claim notice; (3) $2,590.00 for 7.4 attorney hours spent on Barech's administrative complaints; (4) 3,746.00 in uncontested fees; and (5) $3,144.63 for 11 attorney hours spent drafting and revising the federal complaint. However, the court should deny Barech's request for $420.00 for 1.2 hours spent in relation to the union grievance. In total, the court should award Barech $12,665.63 in attorney fees.

III. Costs

Barech requests an award of $530.76 in costs. Defendants do not object to an award of costs in theory, but contend the court should refuse to award costs incurred for service of the summons and subpoena. According to the City, "Plaintiff's legal counsel is located . . . approximately three and a half blocks" from the office of Defendant's counsel. Thus, it "is not reasonable to pay $50.00 for a process server to walk a document three and a half blocks." The City claims they waived service in the past, and would have done so here. (Def.'s Obj. at 9-10.) However, fees incurred serving summonses and subpoenas are recoverable, and the City provides no legal support for its argument that a party moving for attorney fees must request waiver of service as a prerequisite to collecting costs associated with service of process. Therefore, the court should award Barech $530.76 in costs.

FINDINGS & RECOMMENDATION - 14                                              [RMD]

*Conclusion*

For the aforementioned reasons, the court should GRANT in part and DENY in part Barech's motion for attorney fees and GRANT his motion for an award of costs. In all, the court should award Barech attorney fees in the amount of $12,665.63 and $530.76 in costs for a total award of $13,196.39.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due on February 24, 2015. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within fourteen days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of February, 2015.

JOHN V. ACOSTA
United States Magistrate Judge